(122 So. 404)

**WILSON et al. v. CONNOR.** (2 Div. 933.)

Supreme Court of Alabama. May 16, 1929.

Hobbs, Craig & Brown, of Selma, for appellants.

M. E. Frolich, of Mobile, for appellee.

BOULDIN, J. The suit is in statutory ejectment to recover a four-inch projection of the north wall of the Edwards Building fronting west on Lauderdale street in the city of Selma.

Verdict went for defendants. A new trial was granted on motion of plaintiff. The appeal is to review this ruling.

The defendants own the property north of and adjoining the Edwards Building, known as the Wilson Building.

The Edwards Building is a two-story brick extending from Lauderdale street back east some 110 feet to an alley.

The four-inch projection in question, one brick thick, runs up one story the full length of the building, leaving a four-inch ledge along the level of the second floor the full length of the building, except that at a point about halfway back, this four-inch course is carried on up to the top of the building, showing a pilaster effect, the width of a chimney.

The Wilson Building is one story high, fronts also on Lauderdale street, and runs back only part of the length of the Edwards Building. The rafters supporting the roof of the Wilson Building rest upon this ledge. So far as actual user goes, the north wall of the Edwards Building, including this projection, is in the nature of a party wall for the two buildings to the extent stated.

In ejectment we must deal only with the legal title to this four-inch projection and the ground on which it stands.

The ground on which both buildings stand was formerly owned by three Eliasberg brothers. The Edwards Building was built first. This projection of the north wall was built at the time, a part of the wall, tied in with the other courses. We find no conflict on this point.

Thereafter in January, 1909, the Wilson lot was, by partition proceedings in equity, awarded to Herman Eliasberg, one of the brothers. The Edwards Building remained common property.

About the time the partition proceedings were concluded the Wilson Building was erected, and in April, 1909, the property was conveyed by Herman Eliasberg to his wife, Bertha. The deed mentions the building thereon as part of the description, and purports to convey the entire north wall of the Edwards Building.

From the beginning, it appears the Wilson Building was occupied by Willie Wilson as tenant under the name of Wilson Dye Works.

In 1919 a conveyance was made by Bertha Eliasberg and husband to Willie Wilson, but two years later it was reconveyed in satisfaction of a purchase-money mortgage. In 1923 the same grantors conveyed the property by deed to this defendant, Mattie Sue Wilson.

The construction of her muniment of title is the controlling question in the case.

The description in the deed begins at the northwest corner of the Wilson lot, being the southwest corner of the Walton Theater lot, and proceeds: "Thence run eastwardly, parallel with Selma avenue, one hundred and ten (110) feet more or less, to a twenty-foot alley, thence at right angles run southwardly along the western margin of said alley thirty-five feet and six inches (35 ft. 6 in.), more or less, to the wall of the building known as the 'Edwards Building,' thence at right angles run westwardly, parallel with Selma avenue, a distance of one hundred and ten (110) feet, more or less, to Lauderdale street, thence at right angles run northerly along the eastern margin of Lauderdale street thirty-five feet and six inches (35 ft. 6 in.), more or less, to the point of beginning, and upon which lot is situated a building now occupied by Wilson's Dye Works."

Defendant contends the effect of this deed was to convey this four-inch projection; that "to the wall of the building known as the Edwards Building" means to the wall of the upper story of the building appearing front and rear above the four-inch ledge.

In aid of such construction certain further matters were produced in evidence. Such evidence tended to show that the face brick front of the Edwards Building stopped eight inches short of the northwest corner of the north wall at the base, and four inches short at the upper story; that the front of the Wilson

Building, the face brick as well as the cornice and finished front, extended over this eight-inch exposure of wall, joining up with the finished front of the Edwards Building; that viewed from the front the four-inch projection was not visible, but covered by the front of the Wilson Building; that when preparing the deed to the Wilson property the front measurement was taken to the north wall as exposed above the top of the Wilson Building, and such measurement, "35 feet 6 inches," incorporated in the deed.

Other evidence corroborates this measurement, and tends to show the width of the Wilson property front and rear, measured to the wall of the Edwards Building at the ground is 35 feet 2 inches.

If these matters are admissible in evidence to be considered along with the natural inference that the Wilsons were not contemplating the purchase of a building with only three walls, we would incline to hold the court in error in setting aside the verdict of the jury.

But our conclusion is the deed is unambiguous in the matter of description; that its construction is governed by well-known legal rules essential to the security of titles; that if equities exist, a remedy must be pursued to correct the deed. It cannot be varied by parol in ejectment. It must be noted the description calls for the wall of the Edwards Building at the rear, not for what may have appeared at the front.

The deed does not purport to make the measurement a controlling matter of description. A deed calling for exact measurements from a given point as the sole elements of description would be of this class, not subject to contradiction by parol evidence.

Where fixed monuments are called for, they must dominate distances, especially if given in the qualified form, "more or less."

If parol evidence can extend the land conveyed four inches into the wall, it could extend it to the eight inches or to the whole.

If we could hold that in the thought of the parties, they were designating the wall of full height as the wall of the Edwards Building, and segregating this projection as the wall of the Wilson Building, this would either cut into the upper wall at the chimney or call for a broken line detouring around the pilaster. The deed calls for a direct line. A direct line clearing the north wall at the upper story would be the same line called for on the ground along the foot of the wall.

We think the deed to Mrs. Wilson is conclusive against her as to the property therein conveyed.

Plaintiff acquired the Edwards Building at partition sale through the probate court in 1925. Before this suit was brought Mrs. Eliasberg and husband by quitclaim deed conveyed to him any legal title in the wall still vested in her under the deed from her husband. So, without question, Dr. Connor has title to this projection, unless Mrs. Wilson acquired it under the deed to her.

The court below erred on the trial in admitting parol evidence to vary the terms of that deed, and in refusing the affirmative charge at request of plaintiff. His order granting a new trial was therefore without error.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.